UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., not individually but derivatively on behalf of THE ESTATE OF PETHINAIDU and PARAMESWARI VELUCHAMY, | ) ) ) ) ) | Case No. 15-CV-2075 |
| Plaintiff, | ) ) | Bankruptcy Case No. 11-33413 Adversary Case No. 12-1715 |
| v. | ) ) | |
| ARUN VELUCHAMY *et al.*, | ) ) | |
| Defendants. | ) | |

**PLAINTIFF-ESTATE REPRESENTATIVE'S MOTION FOR RULE 58 JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(d), plaintiff Bank of America, N.A., not individually but derivatively as the Estate Representative on behalf of the estate of Pethinaidu and Parameswari Veluchamy ("Estate Representative"), respectfully requests that this Court enter the attached proposed judgment (Ex. 1) in order to (a) satisfy the requirement in Rule 58(a) that "every judgment … must be set out in a separate document," and (b) account for this Court's increase of the judgment amount for Counts XX and XXI. The grounds for this motion are as follows:

1. On August 18, 2015, this Court issued an opinion and an order adopting the Bankruptcy Court's Corrected Proposed Findings of Fact and Conclusions of Law. (No. 15-cv-2075, Docs. 26 & 27).

2. On August 19, 2015, this Court also issued an opinion and an order in the related appeal and cross-appeal of the final judgment in the underlying case. (No. 15-cv-882, Docs. 31 & 32.) This Court affirmed the bankruptcy court's judgment, except with respect to the Estate Representative's cross-appeal, on which it directed the Bankruptcy Court to increase the

1

judgment on Count XXIII to $1,572,147. *Id*. In addition, because the damages on Count XXIII are part of the joint and several damages on the aiding and abetting and conspiracy Counts XX and XXI, this Court ordered a corresponding increase in the damages amount for Counts XX and XXI. *Id*.

3. Under Federal Rule of Civil Procedure 58(a), "[e]very judgment ... must be set out in a separate document." The judgment "should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion." *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994).

4. The August 18, 2015 order (No. 15-cv-2075, Doc. 26) adopting the bankruptcy court's findings and conclusions does not set forth the relief awarded in a separate document as Rule 58(a) requires, and of course does not reflect the increased damages resulting from this Court's subsequent opinion and order on the appeal.

5. The Estate Representative has attached a proposed judgment (Ex. 1) that addresses both of these issues.

6. First, pursuant to Federal Rule 58(a) and governing Seventh Circuit precedent, the attached proposed judgment is a separate document that sets forth "who has won and what relief has been awarded." *Otis*, 29 F.3d at 1163.

7. Second, the attached proposed judgment increases "the judgment amount in Counts XX and XXI … to reflect the increase in Count XXIII," as required by the August 19, 2015 order on the appeal. (15-cv-882, Doc. 31.)

8. There are a few features of the proposed judgment that warrant particular mention.

(a) Because Counts XX and XXI were part of the bankruptcy court's proposed findings and conclusions recommended to this Court (*In re Veluchamy*, 524 B.R. at 326-27), not the final judgment that was appealed to this Court, the increased damages on those counts are included as part of the attached proposed judgment on the bankruptcy court's recommended findings and conclusions.

(b) The Bankruptcy Court aggregated the judgments on several of the counts, including count VII, in order to determine its initial recommendation for a $57,857,236 joint and several judgment against Arun and Anu on the aiding and abetting Counts XX and XXI. (See 524 B.R. at 327.) On January 20, 2015, however, the Bankruptcy Court issued an Amended Judgment Order that reduced the judgment on Count VII by $6,245,099.17. (Amended Judgment Order, No. 12-bk-1715, Doc. 397 (Jan. 20, 2015); see Opinion and Order, No. 15-cv-882, Doc. 32 at 9-10 (Aug. 19, 2015) (explaining calculation reducing Count VII judgment by the $6,245,099.17 mortgage amount).) Because Count VII is one of the components of the recommended judgment on Counts XX and XXI (see 524 B.R. at 327), the Bankruptcy Court's reduction of the judgment on Count VII also reduced the recommended judgment on Counts XX and XXI by the same $6,245,099.17 to $51,612,136.83. Thus, this Court's $1,262,147 increase of judgment on count XXIII from $310,000 to $1,572,147 (see No. 15-cv-882, Doc. 32 at 12, 30 & Doc. 31) should be added to $51,612,136.83 (not the superseded $57,857,236), for a total of $52,874,283.80.

(c) The bankruptcy court's final judgment, which this Court affirmed, awarded prejudgment interest on all of the counts underlying the aiding and abetting and conspiracy counts XX and XXI, specifying that the prejudgment interest would be at the

prime rate, and would run from November 8, 2012, the date of the Estate Representative's complaint. (No. 15-cv-2075, Doc. 397.) The applicable prime rate is 3.25%. (See http://www.federalreserve.gov/datadownload/Download.aspx?rel=H15 &series=02338be6957591cdba0a59c6f09b8389&filetype=spreadsheetml&label=include &layout=seriescolumn&from=11/08/2012&to=11/08/2012). Thus, to be consistent with the bankruptcy court judgment that this Court has affirmed, the attached proposed judgment conservatively applies to counts XX and XXI the same prejudgment interest rate for the same period (November 8, 2012 through January 20, 2015 ) as the bankruptcy court applied to the underlying counts, except that for the $1,262,147 that this Court's August 19, 2015 order directed to be added to the judgment, the 3.25% prejudgment interest rate runs from November 8, 2012 through August 19, 2015. The total prejudgment interest added to the judgment on counts XX and XXI is $3,879,655.88, for a total joint and several judgment against Arun and Anu Veluchamy of $56,753,938.88. We have attached at Ex. 2 a spreadsheet showing the components of the prejudgment interest. In addition, the order awards postjudgment interest at the weekly average of the yield on 1-year constant maturity treasuries for the week preceding the judgment (0.39%) pursuant to 28 U.S.C. § 1961. *See* http://www.federalreserve.gov/releases/h15/20150817/ (indicating that interest rate for 1-year Treasury constant maturities for week ending August 14 is 0.39%).

Wherefore, the Estate Representative respectfully requests that the Court enter the proposed judgment attached as Ex. 1.

Dated:  August 25, 2015                                    Respectfully submitted,
                                                                                  BANK OF AMERICA, N.A., *not individually but*
Howard J. Roin                                                          *derivatively on behalf of the Estate of Pethinaidu*
Thomas S. Kiriakos                                                  *and Parameswari Veluchamy*
Beverley J. Klein
Mayer Brown LLP                                                   By: /s/Howard J. Roin_____
71 South Wacker Drive                                                    One of its Attorneys
Chicago, Illinois 60606-4637
Telephone:  (312) 782-0600
*Counsel to Bank of America, N.A.,*
*not individually but derivatively on behalf of the*
*Estate of Pethinaidu and Parameswari Veluchamy*

## CERTIFICATE OF SERVICE

    I, Howard J. Roin,, hereby certify that on August 25, 2015, I electronically filed the foregoing **Plaintiff-Estate Representative's Motion For Rule 58 Judgment** via the Court's CM/ECF system, which will deliver electronic notice of the filing to all counsel of record.

                                                                      /s/Howard J. Roin