**AFFIDAVIT OF SPECIAL PROCESS SERVER**

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Civil Action No.: 15 CV 882

Bankruptcy Case No. 11-33413

Adversary Case No. 12-1715

BANK OF AMERICA, N.A., NOT INDIVIDUALLY BUT DERIVATIVELY ON BEHALF OF THE ESTATE OF PETHINAIDU AND PARAMESWARI VELUCHAMY V. ARUN VELUCHAMY AND ANU VELUCHAMY,

Civil Action No.: 15 CV 2075

Bankruptcy Case No. 11-33413

Adversary Case No. 12-1715

BANK OF AMERICA, N.A., NOT INDIVIDUALLY BUT DERIVATIVELY ON BEHALF OF THE ESTATE OF PETHINAIDU AND PARAMESWARI VELUCHAMY V. ARUN VELUCHAMY, ET AL

__Ricardo Delpratt__, being first duly sworn on oath deposes and states that he/she is not a party to and has no interest in this matter and that he/she attempted service of the following: **Citation Notice; Citation to Discover Assets to A Third Party** to **New York Life Insurance Company** located at **51 Madison Avenue, New York, NY 10010** resulting in:

[X] Authorized service to an individual of the company willing and able to accept on behalf of the subject/respondent/witness on the __19__ day of __November__, 2015 at __3:38__ __P__.M.
Name: __Antonio Gonzalez__ Title: __Paralegal__

[ ] Non-Service for the following reasons with the DATE and TIME of each attempt listed:

A description of the person with whom the documents were left is as follows:

| | | | |
|---|---|---|---|
| Sex: | Male | Hair Color/Style: | Black |
| Race: | Hispanic | Height (approx.): | 5'7" |
| Age (approx.) | 36 | Weight (approx.): | 170 |

Notable Features/Notes: _____

Signed and Sworn to before me

This __20__ day of __November__ 2015.     Served By:

_____     R. Delpratt
Notary Public                                    Process Server

EVAN COHAN
NOTARY PUBLIC & ATTORNEY AT LAW
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2018

Title                                15-14322

Service was performed by an independent contractor retained by It's Your Serve, Inc.

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., not individually but derivatively on behalf of THE ESTATE OF PETHINAIDU and PARAMESWARI VELUCHAMY,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>ARUN VELUCHAMY and ANU VELUCHAMY,<br><br>        Defendants-Appellants. | ) Civil Action No. 15 CV 882<br>) <br>) Bankruptcy Case No. 11-33413<br>) Adversary Case 12-1715<br>)<br>) Hon. Charles R. Norgle<br>) |
| BANK OF AMERICA, N.A., not individually But derivatively on behalf of THE ESTATE OF PETHINAIDU and PARAMESWARI VELUCHAMY,<br><br>        Plaintiff,<br><br>v.<br><br>ARUN VELUCHAMY, et al.,<br><br>        Defendants. | ) Civil Action No. 15 CV 2075<br>)<br>) Bankruptcy Case No. 11-33413<br>) Adversary Case No. 12-1715<br>) |

## CITATION NOTICE

| | |
|---|---|
| *Name and address of Court:* | United States District Court for the Northern District of Illinois, Eastern Division<br>Everett McKinley United States Courthouse<br>219 South Dearborn Street<br>Chicago, Illinois 60604 |
| *Names of Cases:* | Case No. 15-CV-882 (Bank of America, N.A., not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy v. Arun Veluchamy and Anu Veluchamy) and Case No. 15-CV-2075 (Bank of America, N.A., not individually but derivatively on behalf of the Estate of Pethinaidu and Parameswari Veluchamy v. Arun Veluchamy, et al.) |

| | |
|---|---|
| *Addresses of Judgment Debtors:* | **Arun Veluchamy**<br>3001 Oak Brook Hills Road<br>Oak Brook, IL 60532<br>-and-<br>21 E Huron St., Apt. 4204<br>Chicago, Illinois 60611<br><br>-and-<br><br>**Anu Veluchamy**<br>3001 Oak Brook Hills Road<br>Oak Brook, IL 60532<br><br>-and-<br><br>500 W. Superior, Apt. 1312<br>Chicago, IL 60654 |
| *Names and addresses of Attorneys for Judgment Debtors:* | Ariel Weissberg<br>Rakesh Khanna<br>Weissberg and Associates, Ltd.<br>401 S. LaSalle St., Suite 403<br>Chicago, IL 60605 |
| *Name and address of Attorney for Judgment Creditor:* | Beverley J. Klein, Mayer Brown LLP<br>71 S. Wacker Drive, Chicago, IL 60606<br>Telephone: (312) 701-8018 |
| *Amount of Judgment:* | Arun Veluchamy and Anu Veluchamy, jointly and severally: $56,753,943.05, together with post-judgment interest at a rate of 0.39% per annum, compounding annually, from August 19, 2015 until paid in full |
| *Name of Person Receiving Citation:* | **NEW YORK LIFE INSURANCE COMPANY** |
| *Examination Date/Time/Location:* | **December 11, 2015 at 9:30 a.m.**<br>Offices of Mayer Brown LLP<br>Attn: Beverley J. Klein<br>71 South Wacker Drive<br>Chicago, Illinois 60606 |

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear at the offices of Mayer Brown LLP, 71 S. Wacker Drive, Chicago, IL 60606 (in lieu of an appearance in court, as allowed by Illinois Supreme Court Rule 277(e)) to be examined for the purpose of allowing the judgment creditor to discover income and assets

belonging to the judgment debtors or in which the judgment debtors have an interest. The citation was issued on the basis of a judgment against the judgment debtors and in favor of the judgment creditor in the amount stated above. On or after the examination date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTORS HAVE THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTORS WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

(1) Under Illinois or federal law, the exemption of personal property owned by the debtor includes the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(2) Under Illinois law every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.
(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the greater of the state or federal minimum hourly wage.
(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(5) Pension and retirement benefits (including IRA accounts) and refunds may be claimed as exempt under Illinois law.

The judgment debtors may have other possible exemptions under the law.

THE JUDGMENT DEBTORS HAVE THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtors also have the right to seek a declaration at an earlier date by notifying the Clerk of the District Court in writing at 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604. When so notified, the Clerk of the District Court will obtain a prompt hearing date from the Court and will provide the necessary forms that must be prepared by the judgment debtors or the attorney for the judgment debtors and sent to the judgment creditor or the judgment creditor's attorney by regular first class mail, regarding the time and location of such hearing.

This notice may be sent to the judgment debtors by regular first class mail.

3

## CERTIFICATION OF MAILING BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/109), the undersigned certifies that she mailed by regular first-class mail a copy of the citation notice and this citation to defendants at the addresses shown below upon filing of the citation or within three business days of service if served upon Third Party Respondent.

**Arun Veluchamy**
3001 Oak Brook Hills Road
Oak Brook, IL 60532
-and-
21 E Huron St., Apt. 4204
Chicago, Illinois 60611

-and-

**Anu Veluchamy**
3001 Oak Brook Hills Road
Oak Brook, IL 60532

-and-

500 W. Superior, Apt. 1312
Chicago, IL 60654

Beverley J. Klein
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
*One of the Attorneys for*
*Bank of America, N.A., not individually*
*but derivatively on behalf of The Estate of Pethinaidu*
*and Parameswari Veluchamy*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., not individually but derivatively on behalf of THE ESTATE OF PETHINAIDU and PARAMESWARI VELUCHAMY,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>ARUN VELUCHAMY and ANU VELUCHAMY,<br><br>        Defendants-Appellants. | ) ) ) ) Civil Action No. 15 CV 882 ) ) Bankruptcy Case No. 11-33413 ) Adversary Case 12-1715 ) ) Hon. Charles R. Norgle ) ) ) ) ) ) ) |
| BANK OF AMERICA, N.A., not individually But derivatively on behalf of THE ESTATE OF PETHINAIDU and PARAMESWARI VELUCHAMY,<br><br>        Plaintiff,<br><br>v.<br><br>ARUN VELUCHAMY, et al.,<br><br>        Defendants. | ) ) ) ) Civil Action No. 15 CV 2075 ) ) ) Bankruptcy Case No. 11-33413 ) Adversary Case No. 12-1715 ) ) ) ) ) ) ) |

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To:   **New York Life Insurance Company**
       51 Madison Avenue
       New York, NY 10010

Copy mailed to:

Amrit Mittal
3010 Highland Parkway
Suite 700
Downers Grove, IL 60515

1

Judgment against Arun Veluchamy and Anu Veluchamy (each a "Judgment Debtor" and collectively the "Judgment Debtors"), jointly and severally, was entered on August 27, 2015 in the amount of $56,753,943.05, together with post-judgment interest at a rate of 0.39% per annum, compounding annually, from August 19, 2015 until paid in full. The judgment remains unsatisfied.

Pursuant to Federal Rule of Civil Procedure 69(a), 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, YOU ARE REQUIRED to appear at the offices of Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606, on **December 11, 2015** at 9:30 a.m., to be examined under oath concerning any and all accounts, property, assets or income of the Judgment Debtors or in which the Judgment Debtors have any interest.

**YOU ARE COMMANDED to produce at the examination** all books, papers and records in your possession, custody or control showing any accounts, property, assets or income in which the Judgment Debtor had an interest (whether held individually, jointly, in trust, or otherwise) on and after May 1, 2013, including but not limited to, those records set forth in the Rider attached to this Citation.

Documents produced prior to the examination may be delivered to Beverley J. Klein, Mayer Brown LLP, 71 South Wacker Drive, Chicago, Illinois 60606.

Please note that the examination is conditional and subject to change by the Judgment Creditor based on its assessment of the completeness and status of your production of documents. On or after the court date stated, the Court may compel the application of any discovered income or assets toward payment of the Judgments.

**YOU ARE PROHIBITED from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to either of the Judgment Debtors or to which either of the Judgment Debtors may be entitled to that may be acquired by or become due to either of the Judgment Debtors and from paying over or otherwise disposing of any money not so exempt that is due or becomes due to either of the Judgment Debtors, until the further order of Court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.**

**WARNING: YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

<u>CERTIFICATE OF ATTORNEY</u>

I, Beverley J. Klein, certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the following information is true:

2

1.     Judgment was entered on August 27, 2015 in the United States District Court for the Northern District of Illinois against Arun Veluchamy and Anu Veluchamy, jointly and severally, in the amount of $56,753,943.05, together with post-judgment interest at a rate of 0.39% per annum, compounding annually, from August 19, 2015 until paid in full.

DATED: November 18, 2015

BANK OF AMERICA, N.A.,
not individually but derivatively on
behalf of The Estate of Pethinaidu
and Parameswari Veluchamy

By: *Beverley J. Klein*
One of Its Attorneys

Thomas S. Kiriakos
Howard J. Roin
Beverley J. Klein
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600

**ISSUED:**

Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois

By: _____
Deputy Clerk

**DATED:** NOV 1 8 2015

3

## RIDER TO CITATION TO DISCOVER ASSETS
## DIRECTED TO NEW YORK LIFE INSURANCE COMPANY

Unless other specified, the time frame for the documents requested in this Rider is on and after May 1, 2013 through the present date.

"Documents," when used herein, means all documents or electronically stored information of any kind, and includes (without limitation) writings, drawings, graphs, charts, photographs, sound recordings, images, emails, and other data or data compilations.

"Gallo," when used herein, means Elena Gallo, Successor Trustee for the Veluchamy Life Insurance Trust 1 and Trust 2 on and after approximately May 14, 2013.

"Judgment Debtors," when used herein, means Anu Veluchamy and/or Arun Veluchamy.

"The New York Life Insurance Policy" or "Policy" when used herein, means New York Life Insurance Policy # 45 828 382.

"Veluchamy Life Insurance Trust 1 and Trust 2," when used herein, means the insurance trusts set up by Pethinaidu Veluchamy and/or Pethinaidu and Parameswari Veluchamy and the titular owner of the New York Life Insurance Policy.

## DOCUMENTS TO BE PRODUCED

You are required by this Citation to Discover Assets to produce, at the time and at the place indicated thereon, all documents in Your possession, custody or control disclosing assets the Judgment Debtors own or in which either of the Judgment Debtors has any interest (whether direct or indirect) located anywhere in the world, including but not limited to the following documents:

1. All documents concerning or showing the Judgment Debtors' present or past interest and/ or the nature of their interest in the New York Life Insurance Policy, including but not limited as beneficiaries of the Veluchamy Life Insurance Trust 1 and Trust 2.

2. All documents concerning or showing any attempt by anyone other than Gallo or the prior Trustee to exercise control or any facet of control over the New York Life Insurance Policy (whether successful or not), including but not limited to, (a) changing or attempting to

4

replace Gallo as Successor Trustee of Veluchamy Life Insurance Trust 1 or Trust 2, (b) directing or attempting to direct any aspect of the Policy, including but not limited to surrender, policy loans, premiums, or access to information or reports concerning the Policy, or (c) obtaining or attempting to obtain access to statements, summaries, or other information concerning the Policy.

3. All communications concerning the New York Life Insurance Policy, including but not limited to, correspondence, emails and notations concerning phone calls regarding any loans, surrender or cashing in of the Policy in whole or in part, or replacement of Gallo or JPMorgan Chase Bank, N.A., the prior trustee of Veluchamy Life Insurance Trust 1 and Trust 2.

4. All communications or directions received from anyone purporting to limit or eliminate Gallo's access to the New York Life Insurance Policy or information concerning the Policy on and after March 1, 2015.